UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GERALD C. ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-366- RLY-TAB |
| | ) | |
| UNITED PARCEL SERVICE OF AMERICA, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON DISCOVERY AND RELATED MATTERS

Defendant fired Plaintiff for the stated reason of violating Defendant's non-fraternization policy. Plaintiff claims that his race was the real reason for his termination. In an effort to prove this, Plaintiff contends that other similarly situated employees violated the non-fraternization policy but were not terminated. In discovery, Defendant asked Plaintiff to identify these similarly situated employees and the factual bases to support this comparison. A discovery dispute has developed regarding Plaintiff's obligation to provide this information.

Plaintiff responded to the discovery requests at issue (Interrogatory Nos. 1-3 of Defendant's first set of interrogatories) and also supplemented these responses with additional information. Plaintiff has identified approximately 65 comparators who allegedly were in relationships in violation of the Defendant's non-fraternization policy. Defendant contends, however, that Plaintiff "has refused to give the factual basis for identifying these individuals as being in such a relationship." [Docket No. 53, p. 2.]

Plaintiff claims that Defendant's request for this information violates the work product doctrine. This is because much of the information regarding the comparators is not within the

first hand, personal knowledge of the Plaintiff, but instead was obtained by Plaintiff's counsel and/or counsel's investigator. As Plaintiff puts it, "To require Plaintiff's counsel to reveal who they spoke with, when they spoke, and what was said as Defendant asks this Court to order would improperly intrude upon the work product of Plaintiff's counsel." [Docket No. 62, p. 5.] Plaintiff makes much of the fact that he has responded to Defendant's interrogatories on five separate occasions. [Docket No. 62, pp. 1-3.] Plaintiff also emphasizes that he submitted to a deposition of nearly seven hours, and that Plaintiff's spouse also has been deposed. [Docket No. 62, p. 4.]

But the issue is not how many times Plaintiff has supplemented his interrogatory responses. Rather, the issue is whether Plaintiff's responses are adequate. The fact that Plaintiff has supplemented his interrogatory responses on several occasions might also suggest that Plaintiff's initial responses were incomplete. In addition, the fact that Plaintiff and his spouse have been deposed at length, while relevant, is not dispositive. Again, the issue is whether Plaintiff's responses are adequate, not how many depositions have been taken or how long those depositions lasted. Although Plaintiff gave a lengthy deposition, Defendant contends (and Plaintiff apparently does not dispute) that Plaintiff was unable to offer any factual basis for many of the employees identified as comparators. [Docket No. 54, p. 3.]

Ultimately, this is a legitimate disagreement between counsel. Defendant wants useful information about Plaintiff's comparators. Plaintiff seeks to protect his counsel's work product. In the Court's view, this dispute is really one of degree. In other words, Plaintiff must provide information to the Defendant, but the issue is how much information can the Plaintiff provide without infringing upon counsel's work product. The Court now turns to this issue.

Plaintiff need not disclose with whom counsel (or counsel's investigator) spoke in

obtaining information about comparators.  Plaintiff need not produce any notes or documents created during any such interviews.  However, to the extent that Plaintiff has not already done so, Plaintiff must identify each comparator and provide a factual basis for asserting that the comparator may have violated Defendant's non-fraternization policy.  A mere list of comparators is insufficient.  For illustration purposes, two examples follow that would be sufficient:

> "Joe Smith.  Based upon witness interviews, Plaintiff believes Smith had a romantic relationship with coworker Anne Stevens from approximately 2002-04.  Smith and Stevens often took lunch breaks together and were seen together socially on many occasions, and discussed affections for each other in front of at least two coworkers."

> "Beth Johnson.  Johnson and coworker Mike Jones reportedly were seen at a drive-in movie together in 2004 and, on several other occasions that year, reportedly had dinner alone together at Johnson's house and, on at least one occasion, dined together at a Lone Star Steakhouse on Indianapolis' west side."

In sum, Defendant is entitled to the factual bases for Plaintiff's allegations.  To hold otherwise would be to endorse trial by ambush – an approach long since abandoned as reflected in the liberal rules of discovery.  But there are legitimate limits to what Plaintiff must provide.  Disclosing information such as that set forth above does not improperly invade the work product doctrine.  Accordingly, Defendant's motion to compel [Docket No. 53] is granted to the extent that Plaintiff shall further supplement his interrogatory responses as may be necessary to provide to the Defendant the type of information described in this order within 20 days.

Also pending before the Court is Defendant's motion to stay the dispositive motions deadline [Docket No. 69], which Plaintiff opposes.  Defendant asks this Court to stay the April 5 dispositive motions deadline until ruling on the motion to compel.  Defendant contends that additional discovery may be needed in light of the Court's ruling on the motion to compel.  Plaintiff contends there has been no showing that a ruling on the pending motion to compel would have any impact on summary judgment briefing.  [Docket No. 71.]

The Court has now ruled on the motion to compel, so a stay is not warranted. However, it would be unfair to require the Defendant to file its summary judgment motion on the same day as the Court hands down this ruling. Presumably the Defendant in good faith was awaiting this Court's discovery ruling before finalizing its summary judgment materials. Nevertheless, the Court does not anticipate that this discovery ruling will substantially alter the discovery landscape. The summary judgment deadline already has been extended twice, and additional enlargements should be avoided to the extent practical. Accordingly, Defendant's motion to stay dispositive motion deadline [Docket No. 69] is denied. However, the deadline for Defendant to file any dispositive motion is enlarged to April 16, 2007. To the extent that any supplemental discovery responses Plaintiff makes in compliance with this order create additional facts that must be addressed at summary judgment, Defendant may do so in its reply brief. Plaintiff can then respond, if appropriate, by way of a sur-reply.

DATED: April 5, 2007

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Nelson D. Alexander
LOCKE REYNOLDS LLP
nalexander@locke.com

Gary R. Clark
QUARLES & BRADY, LLP
gclark@quarles.com

Nicholas David Conway
DELANEY & DELANEY LLC
nconway@delaneylaw.net

Edward O'Donnell DeLaney
DELANEY & DELANEY LLC
ed@delaneylaw.net

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

John Allen Klages
QUARLES & BRADY LLC
jk2@quarles.com

Jacquelyn T. Pinnell
QUARLES & BRADY LLP
jpinnell@quarles.com

W. Russell Sipes
LAUDIG GEORGE RUTHERORD & SIPES
wrsipes@lgrslaw.com